DONALD J. QUERIO (State Bar No. 54367)
JON D. IVES (State Bar No. 230582)
jdi@severson.com
S<small>EVERSON</small> *&* W<small>ERSON</small>
A Professional Corporation
One Embarcadero Center, Suite 2600
San Francisco, CA  94111
Telephone:  (415) 398-3344
Facsimile:  (415) 956-0439

Attorneys for Defendant
Wells Fargo Bank, N.A.

U<small>NITED</small> S<small>TATES</small> D<small>ISTRICT</small> C<small>OURT</small>

N<small>ORTHERN</small> D<small>ISTRICT OF</small> C<small>ALIFORNIA</small>

S<small>AN</small> J<small>OSE</small> D<small>IVISION</small>

| | |
|---|---|
| K<small>ATHY</small> O<small>BOT</small>,<br><br>    Plaintiff,<br><br>vs.<br><br>W<small>ELLS</small> F<small>ARGO</small> B<small>ANK</small>, N.A. <small>AND</small> D<small>OES</small> 1 <small>THROUGH</small> 50 <small>INCLUSIVE</small>,<br><br>    Defendants. | Case No.:  CV 11-00566 HRL<br><br>**W<small>ELLS</small> F<small>ARGO</small> B<small>ANK</small>, N.A.'<small>S</small> R<small>EPLY IN</small> S<small>UPPORT OF ITS</small> M<small>OTION TO</small> D<small>ISMISS</small> C<small>OMPLAINT</small>**<br><br>Date:         April 26, 2011<br>Time:        10:00 A.M.<br>Dept.         Courtroom 2, Fl. 5<br>Judge:       Hon. Howard R. Lloyd<br><br>Complaint filed:  December 16, 2010 |

Defendant Wells Fargo Bank, N.A. ("Wells Fargo") respectfully submits this reply in support of its motion to dismiss plaintiff Kathy Obot's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).

**I.      A PARTY TO A CONTRACT CANNOT INDUCE ITS BREACH**

The second cause of action for "Inducing Breach of Contract" declares that "WELLS FARGO intentionally induced Plaintiff to default on her mortgage payments through its practice and policy of willfully misrepresenting that defaulting on the loan was a prerequisite for requesting a loan modification."  Compl. ¶ 36.

Plaintiff does not substantively respond to the legal argument raised in Wells Fargo's initial moving papers. This is, namely, that neither a party to a contract nor that party's agent or

representative may be liable for the tort of interference with its contract or the inducement of the breach of its contract. Well Fargo will therefore rest on the arguments it has previously put forward.

## II.   THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING HAS BEEN ABANDONED

Plaintiff's opposition does not address her first cause of action for breach of the implied covenant of good faith and fair dealing at all. By not addressing or responding to Wells Fargo's arguments, plaintiff effectively concedes that she does not state a claim against it. *See, e.g., Reed v. City of San Diego*, 2007 WL 951302, *1 (S.D. Cal. 2007) (noting that the plaintiff failed to directly respond to the defendant's motion to dismiss as required by Local Rule 7.1(e)(2) because she did not address the defendant's Eleventh Amendment argument); *I-Enterprises Co., LLC v. Draper Fisher Jurvetson Mgmt. Co. V, LLC*, 2005 WL 1661959, *14 (N.D. Cal. 2005) (declaring that by failing to address a portion of defendants' motion, plaintiff effectively conceded claim).

Therefore Wells Fargo will again rest on the arguments in its opening brief. The first cause of action for breach of implied covenant has been abandoned and should be dismissed.

## III.   PLAINTIFF HAS NO VIABLE UCL CLAIM

In her the third cause of action alleging the violation of Business and Professions Code § 17200 (a.k.a. the UCL), Plaintiff avers that "WELLS FARGO has engaged in unfair and fraudulent business practices by inducing mortgage borrowers who were current on their mortgage payments to default on their mortgage payments" by fraudulently informing borrowers that "they are not eligible for such modification until they default on their mortgage payments." Compl. ¶ 46.

In its opening brief, Wells Fargo made a number of arguments why plaintiff has no viable UCL claim. The first of these was that plaintiff has not alleged facts showing causation or reliance (indeed, this is a defect applicable to all causes of action in the complaint). Plaintiff makes no effort to rebut this argument. As Wells Fargo repeatedly pointed out, simply being told that default is a prerequisite for eligibility for loan modification is not itself the immediate cause of a default. Plaintiff stopped making her payments for one of two possible reasons. She either choose to cease repaying her loan in order to appear eligible for a loan modification, in which event she caused whatever damages she may have incurred herself. Or, plaintiff defaulted because she was

- 2 -

financially incapable of continuing to make the payments. In the latter event, it was plaintiff's financial situation that caused any damages. Because plaintiff has left out of her complaint any explanation for exactly why she defaulted, there is nothing to show that Wells Fargo caused the damages she alleges. Facts showing causation and damages are necessary to maintain almost any cause of action. Because such facts are absent from plaintiff's pleading, she has not stated any claim for relief, including any claim for relief under section 17200.

The second argument that Wells Fargo made with respect to the section 17200 cause of action was that plaintiff does not allege any facts showing that she has any restitution remedy under the UCL. This is another issue that goes unaddressed by plaintiff. Wells Fargo will therefore not belabor this point any further and will stand on the briefing already made in its opening memorandum.

The third argument was that there was no underlying unlawful act to support a claim under section 17200's "unlawful" prong. Just as a reminder, plaintiff premised her "unlawful" prong claim on her cause of action for "breach of the covenant of good faith and fair dealing." Compl. ¶ 47. Plaintiff's opposition has abandoned her claim for breach of implied covenant of good faith and fair dealing. And plaintiff's opposition likewise abandons any "unlawful" section 17200 claim. Plaintiff effectively concedes that the motion to dismiss any "unlawful" prong claim should be granted.

The final two arguments made by Wells Fargo were that plaintiff has no section 17200 action based on the "unfair" or "fraudulent" prongs of the UCL. These are the only matters responded to in the opposition with respect to the section 17200 action.

As far as the viability of any "unfair" prong UCL claim, Wells Fargo noted that "any claims of unfairness under the UCL should be defined in connection with a legislatively declared policy." *Schnall v. Hertz Corp.*, 78 Cal. App. 4th 1144, 1166-67 (2000); *see also Gregory v. Albertson's, Inc.*, 104 Cal. App. 4th 845, 854 (2002) (reading "*Cel-Tech* to require that the public policy which is a predicate to the action must be 'tethered' to specific constitutional, statutory, or regulatory provisions."); *Alch. v. Sup. Ct.*, 122 Cal. App. 4th 339, 403 (2004).

Plaintiff did not allege in her compliant that the supposed unfair business practice violates a declared public policy tethered to a particular constitutional, statutory, or regulatory provision. Instead, the opposition attempts to get around this defect by introducing it for the first time there. The opposition maintains that Wells Fargo's supposed practice of telling borrowers that they must be in default to be eligible for a loan modification violates the public policy of California Civil Code § 2923.6. *See* Opp'n, 5:3-5. The initial difficulty with this contention is that it is not based on anything in the complaint itself. It is axiomatic that a complaint may not be amended by the briefs in opposition to a motion to dismiss. *See, e.g., Frederico v. Home Depot*, 507 F.3d 188, 201-02 (3d Cir. 2007); *Car Carriers, Inc. v. Ford Motor Co.*, 755 F.2d 1101, 1107 (7th Cir. 1984); *see also College Sports Council v. Gov't Accountability Office*, 421 F. Supp. 2d 59, 71 n.16 (D.D.C. 2006) (a plaintiff cannot amend its complaint de facto to survive a motion to dismiss by asserting new claims for relief in its responsive pleading).

Moreover, the relevant portion of section 2923.6 simply states that a servicer acts in the best interests of the owners of the loan if it agrees to a modification where the borrower has defaulted and the value of a modification exceeds the anticipated recovery through foreclosure. In other words, section 2923.6 creates a protection *for* the servicer—not a duty *on* the servicer to agree to all modifications on demand. Section 2923.6 does not grant a borrower a right to a loan modification or a private right of action to compel a loan modification. *See Mabry v. Superior Court*, 185 Cal. App. 4th 208, 222 (2010). "[S]ection 2923.6 … does *not* operate substantively. Section 2923.6 merely expresses the *hope* that lenders will offer loan modification on certain terms." *Id*. (emphasis original). In enacting section 2923.6, the State Legislature wielded a carrot (protection of loan servicers from owners' claims), **not** a stick (subjecting loan servicers to suits by borrowers), in order to encourage, not enforce, loan modifications.

Just as importantly, the language of the statute does not suggest a policy of loan modifications irrespective of a borrower's financial status. Section 2923.6(a) states that "The Legislature finds and declares that … a servicer acts in the best interests of all parties to the loan pool or investors in the pooling and servicing agreement if it agrees to or implements a loan modification or workout plan for which both of the following apply: (1) *The loan is in payment*

*default, or payment default is reasonably foreseeable*." (emphasis added). Thus, even the statute plaintiff relies on recognizes that loan modifications are limited to situations where the borrower is in default or that default is reasonably foreseeable. Plaintiff never states in her complaint that she was she was even eligible for any loan modification based on the risk of imminent default.

Finally, we reach section 17200's fraud prong. The defect with this aspect of the claim is a matter of pleading. Section 17200 claims sounding in fraud must meet the heightened pleading requirement of Rule 9(b). And where a plaintiff is relying upon the "fraudulent" prong of section 17200, he or she must also plead and prove actual reliance. *See In re Tobacco II Cases*, 46 Cal.4th 298, 328 (2009); *Morgan v. AT&T Wireless Servs., Inc*., 177 Cal. App. 4th 1235, 1257 (2009).

Neither fraud nor reliance is sufficiently pleaded in the complaint. The complaint offers no specific statement made by anyone at Wells Fargo, their identity, when the supposed statement about needing to be in default was made, where it was made, or how or why it induced plaintiff to cease making her mortgage payments. And the complaint is completely silent about reliance. Plaintiff never says why she defaulted. Because plaintiff strives so hard to portray herself as an actor without volition she never explains how she went from being told that default is a requirement to actually making the decision to default. Without this, there are no facts from which to infer reliance.

As a result, the UCL claim should be dismissed.

### IV. THERE ARE NO PECUNIARY DAMAGES ALLEGED FOR A RESPA CLAIM

Plaintiff's final cause of action alleges a violation of the Real Estate Settlement Procedures Act ("RESPA"). In particular, plaintiff contends that Wells Fargo "Fail[ed] to provide loan servicing information after the submission of a Qualified Written Request for loan documents (QWR submitted on October 14, 2010)." Compl. ¶ 51.

Wells Fargo pointed to several deficiencies with this cause of action and why it should be dismissed. First, the claim contains no substantiating factual allegations. It alleges only in conclusory fashion that Wells Fargo violated RESPA by not responding to a QWR.

On a related note, Wells Fargo argued that there are no facts alleged from which it may be inferred that the letter actually constituted a QWR.

1  Finally, Wells Fargo noted that the RESPA claim also fails because there is no specific
2  averment of any pecuniary damages.
3  Plaintiff does not dispute the final point. There simply is no allegation of pecuniary
4  damages. The complaint says only that the purported non-response to the QWR "caused Plaintiff
5  damage in an amount to be determined at trial." Compl. ¶ 52. This is not sufficient to state a claim.
6  *See, e.g., Saldate v. Wilshire Credit Corp.*, 711 F. Supp. 2d 1126, 1134 (E.D. Cal. 2010) ("The
7  RESPA claim is doomed in the absence of allegations of [Plaintiffs'] identifiable damages
8  attributable to a RESPA violation."); *Reynoso v. Paul Fin., LLC*, 2009 WL 3833298, *7 (N.D. Cal.
9  2009) ("section 2605(f) [of RESPA] require[s] a showing of pecuniary damages in order to state a
10 claim" and mere "conclusory" allegation is insufficient); *Singh v. Wash. Mut. Bank*, 2009 WL
11 2588885, *5 (N.D. Cal. 2009) (dismissing RESPA claim because the plaintiffs failed to allege any
12 actual damages resulting from the failure to respond to their QWR).
13 The only argument proffered by plaintiff is that the alleged QWR sent on October 14, 2010
14 constituted a valid QWR. To support this argument, plaintiff then recites the first paragraph of the
15 purported letter. *See* Opp'n, 8:13-19. But the putative QWR letter was neither attached to the
16 complaint nor quoted in it. As noted above, a plaintiff may not respond to a motion to dismiss by
17 making new allegations in the opposition to a motion to dismiss. *See, e.g., Frederico*, 507 F.3d at
18 201-02; *Car Carriers*, 755 F.2d at 1107; *see also College Sports Council*, 421 F. Supp. 2d at 71
19 n.16.
20 The RESPA claim should be dismissed accordingly.

## V.   THERE IS NO CAUSE OF ACTION IN THE COMPLAINT FOR INTENTIONAL MISREPRESENTATION

23 One final matter should be addressed in this reply brief. Plaintiff's opposition makes the odd
24 assertion that the complaint sufficiently states "a cause of action for intentional misrepresentation."
25 Opp'n, 7:5-25. This is odd because there is no cause of action for intentional misrepresentation in
26 the complaint. The complaint contains the following causes of action: (1) breach of the covenant of
27 good faith and fair dealing; (2) inducing breach of contract; (3) violation of California Business &

Professions Code § 17200; and (4) violation of the Real Estate Settlement Procedures Act. No other causes of action are asserted. Thus, this part of the opposition should be disregarded.

## VI. CONCLUSION

For the reasons stated above, and for the reasons given in Wells Fargo's opening memorandum, defendant respectfully submits that plaintiff's complaint against it should be dismissed for failure to state any claim for relief.

DATED: April 12, 2011

SEVERSON & WERSON
A Professional Corporation

By: /s/ *Jon D. Ives*
      Jon D. Ives

Attorneys for Defendant
Wells Fargo Bank, N.A.