*E-FILED 08-10-2011*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| KATHY OBOT,<br><br>    Plaintiff,<br>v.<br><br>WELLS FARGO BANK, N.A., and DOES 1 THROUGH 50, inclusive,<br><br>    Defendant.<br>_____/ | No. C11-00566 HRL<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS WITH LEAVE TO AMEND**<br><br>[Re: Docket No. 4] |

      Plaintiff Kathy Obot sues for alleged violations of state and federal law arising out of her request for modification of her home mortgage. According to the complaint, at the time plaintiff requested modification of her loan, she was "current on all of [her] mortgage payments." (Complaint ¶ 10). She further alleges that defendant Wells Fargo Bank, N.A. (Wells Fargo), said that she "would not become eligible for a loan modification until [she] defaulted on [her] mortgage payments." (Id.). Plaintiff says that based on that information, she decided to stop making her mortgage payments and subsequently defaulted on her loan. (Id. ¶ 11). She filed the instant lawsuit in state court, asserting the following four[1] claims for relief: (1) breach of the covenant of good faith and fair dealing; (2) inducing breach of contract; (3) violation of California Business & Professions Code section 17200; and (4) violation of the

---

[1] Although the last of plaintiff's asserted claims is titled the "sixth" claim for relief, the court notes that several of plaintiff's claims are mis-numbered in her complaint.

1  Real Estate Settlement Procedures Act (RESPA), 12 U.S.C. § 2601, et seq. Wells Fargo
2  removed the matter here, asserting federal question jurisdiction under 28 U.S.C. § 1331.
3     Pursuant to Fed. R. Civ. P. 12(b)(6), defendant now moves to dismiss the complaint for
4  failure to state a claim for relief. Plaintiff opposes the motion. The matter was deemed suitable
5  for determination without oral argument. CIV. L.R. 7-1(b). All parties have expressly
6  consented that all proceedings in this matter may be heard and finally adjudicated by the
7  undersigned. 28 U.S.C. § 636(c); FED. R. CIV. P. 73. Having considered the moving and
8  responding papers,[2] this court grants the motion with leave to amend as to the RESPA claim.
9  The court declines to exercise jurisdiction over the asserted state law claims unless and until
10 plaintiff can state a viable federal claim for relief.

## LEGAL STANDARD

12  A motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) tests
13 the legal sufficiency of the claims in the complaint. "Dismissal can be based on the lack of a
14 cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal
15 theory." Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). In such a
16 motion, all material allegations in the complaint must be taken as true and construed in the light
17 most favorable to the claimant. See Balistreri, 901 F.2d at 699. However, "[t]hreadbare recitals
18 of the elements of a cause of action, supported by mere conclusory statements, do not suffice."
19 Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). Morever, "the court is not required to accept
20 legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably
21 be drawn from the facts alleged." Clegg v. Cult Awareness Network, 18 F.3d 752, 754-55 (9th
22 Cir. 1994). Documents which properly are the subject of judicial notice may be considered
23 along with the complaint when deciding a Fed. R. Civ. P. 12(b)(6) motion for failure to state a
24 claim for relief. See MGIC Indem. Corp. v. Weisman, 803 F.2d 500, 504 (9th Cir. 1986).

---

[2] Wells Fargo has submitted a request for judicial notice in support of its motion to dismiss. Inasmuch as the documents submitted by defendant appear to be matters of public record, none of which are questioned or disputed by plaintiff, defendant's request for judicial notice is granted. FED.R.EVID. 201.

2

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." This means that the "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (citations omitted). See also Iqbal, 129 S. Ct. at 1950 ("[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss."). However, a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations and "heightened fact pleading of specifics" is not required to survive a motion to dismiss. Bell Atlantic Corp., 550 U.S. at 570. Rather, the complaint need only give "enough facts to state a claim to relief that is plausible on its face." Id.

While leave to amend generally is granted liberally, the court has discretion to dismiss a claim without leave to amend if amendment would be futile. Rivera v. BAC Home Loans Servicing, L.P., 756 F. Supp.2d 1193, 1997 (N.D. Cal. 2010) (citing Dumas v. Kipp, 90 F.3d 386, 393 (9th Cir. 1996)).

## DISCUSSION

The complaint variously alleges that Wells Fargo is the loan lender and the loan servicer. (See, e.g., Complaint ¶¶ 8, 21). Plaintiff further alleges that Wells Fargo violated RESPA by "[f]ailing to provide loan servicing information after the submission of a Qualified Written Request [QWR] for loan documents (QWR submitted on October 14, 2010)." (Complaint ¶ 51). Defendant argues that the allegations of the complaint are too conclusory to state a claim for relief. This court agrees.

To begin, plaintiff does not identify which section of the statute Wells Fargo allegedly violated in its purported role as either the lender or servicer. Nevertheless, the allegations of the complaint suggest that plaintiff seeks to hold Wells Fargo liable as an alleged servicer. Under RESPA, loan servicers are obliged to respond to QWRs from borrowers seeking information about the servicing of their loans. Id. § 2605(e); Consumer Solutions REO, LLC v. Hillery, 658 F. Supp.2d 1002, 1014 (N.D. Cal. 2009) ("That a QWR must address the servicing of the loan and not its validity, is borne out by the fact that § 2605(e) expressly imposes a duty upon the

loan servicer, and not the owner of the loan."). RESPA further provides that QWRs "shall be a written correspondence, other than notice on a payment coupon or other payment medium supplied by the servicer" that (1) identifies the borrower's name and account and (2) "includes a statement of the reasons for the belief of the borrower, to the extent applicable, that the account is in error or provides sufficient detail to the servicer regarding other information sought by the borrower." 12 U.S.C. § 2605(e)(1)(B). Plaintiff argues in her opposition brief that her letter contains sufficient information to qualify as a proper QWR under RESPA. The complaint, however, does not sufficiently allege facts from which such an inference could be drawn.

Even assuming she could allege sufficient facts as to the QWR, plaintiff does not dispute that the complaint fails to sufficiently allege any damages resulting from the alleged RESPA violation. Damages are available for violations of RESPA. 12 U.S.C. § 2605(f). "Although this section does not explicitly set this out as a pleading standard, a number of courts have read the statute as requiring a showing of pecuniary damages in order to state a claim." Allen v. United Financial Mortgage Corp., 660 F. Supp.2d 1089, 1097 (N.D. Cal. 2009). Thus, "[p]laintiff must, at a minimum, also allege that the breach resulted in actual damages." Id.; see also Phillips v. Bank of America Corp., No. C10-04561LHK, 2011 WL 132861 at * 5 (N.D. Cal., Jan. 14, 2011) (same). "This pleading requirement has the effect of limiting the cause of action to circumstances in which plaintiffs can show that a failure of notice has caused them actual harm." Allen, 660 F. Supp.2d at 1097. Here, Obot's complaint merely alleges, in conclusory fashion, that the alleged RESPA violation "caused Plaintiff damage in an amount to be determined at trial. Second, Plaintiff requests reasonable attorney fees and costs." (Id. ¶ 52). These allegations are insufficient. Bell Atlantic Corp., 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) ("Factual allegations must be enough to raise a right to relief above the speculative level."); see also Iqbal, 129 S. Ct. at 1950 ("[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss."). Moreover, the record presented suggests that around the time plaintiff reportedly sent her alleged QWR on October 14, 2010, she was already in default on her loan. (See Request for Judicial Notice, Ex. B (October 18, 2010 Notice of Default)). Thus to the extent plaintiff alleges elsewhere in her complaint that

4

she incurred fees, interest and penalties for her default (see, e.g., Complaint ¶ 11), it is not apparent from the allegations of the complaint that those consequences resulted from the alleged RESPA violation.

Accordingly, plaintiff's RESPA claim is dismissed. Although the court questions plaintiff's ability to amend her complaint to correct the identified deficiencies, she will be given leave to amend. Plaintiff's counsel is expected to comply fully with his obligation under Fed. R. Civ. P. 11 to make a reasonable investigation and analysis of the facts and law and to replead the RESPA claim only if there is a good faith basis for doing so. In view of the dismissal of plaintiff's RESPA claim with leave to amend, the court declines to exercise supplemental jurisdiction over her state law claims unless and until a viable federal claim is adequately pled. See 28 U.S.C. § 1367. Accordingly, the state law claims are also dismissed, without prejudice to plaintiff to include them in an amended complaint that adequately states a viable federal claim for relief.

ORDER

Based on the foregoing, IT IS ORDERED THAT:

1. Defendant's motion to dismiss is granted as to plaintiff's RESPA claim with leave to amend.

2. Plaintiff's state law claims are dismissed without prejudice.

3. If plaintiff chooses to amend her complaint, her amended pleading shall be filed within 14 days from the date of this order.

4. The initial case management conference, which previously was vacated pending resolution of the instant motion, is re-set for November 15, 2011, 1:30 p.m. All related deadlines are adjusted accordingly.

SO ORDERED.

Dated: August 10, 2011

HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

5

1   5:11-cv-00566-HRL Notice has been electronically mailed to:

2   Donald John Querio    djq@severson.com

3   Jon David Ives    jdi@severson.com, klm@severson.com, vvv@severson.com

4   Wendell Jamon Jones    wendell@wendelljoneslaw.com, perla@wendelljoneslaw.com

5   Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.

**United States District Court**
For the Northern District of California