*E-FILED 11-02-2011*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| KATHY OBOT,<br><br>   Plaintiff,<br> v.<br><br>WELLS FARGO BANK, N.A., and DOES 1 THROUGH 50, inclusive,<br><br>   Defendant.<br>_____/ | No. C11-00566 HRL<br><br>**ORDER (1) GRANTING DEFENDANT'S MOTION TO DISMISS RESPA CLAIM; AND (2) REMANDING REMAINING STATE LAW CLAIMS**<br><br>[Re: Docket No. 21] |

  Plaintiff Kathy Obot sues defendant Wells Fargo Bank, N.A. (Wells Fargo) for alleged violations of state and federal law arising out of her request for modification of her home mortgage. Obot alleges that when she requested modification of her loan, she was "current on all of [her] mortgage payments." (First Amended Complaint ¶ 10). Wells Fargo reportedly told her that she "would not become eligible for a loan modification until [she] defaulted on [her] mortgage payments." (Id.). Plaintiff says that based on that information, she decided to stop making her mortgage payments and subsequently defaulted on her loan. (Id. ¶ 11). She filed the instant lawsuit in state court, asserting the following four[1] claims for relief: (1) breach of the covenant of good faith and fair dealing; (2) inducing breach of contract; (3) violation of California Business & Professions Code section 17200; and (4) violation of the Real Estate Settlement Procedures Act (RESPA), 12 U.S.C. § 2601, et seq. Wells Fargo removed the

---

[1] Although the last of plaintiff's asserted claims is titled the "sixth" claim for relief, several of her claims are mis-numbered in the complaint.

matter here, asserting federal question jurisdiction under 28 U.S.C. § 1331. All parties have expressly consented that all proceedings in this matter may be heard and finally adjudicated by the undersigned. 28 U.S.C. § 636(c); FED. R. CIV. P. 73.

Pursuant to Fed. R. Civ. P. 12(b)(6), Wells Fargo previously moved to dismiss the complaint. This court granted that motion with leave to amend as to the RESPA claim, concluding that the complaint failed to allege sufficient facts as to the basis for any alleged violation and any resulting damages. The court declined to exercise jurisdiction over plaintiff's state law claims unless and until she pled a viable federal claim for relief.

Obot filed a First Amended Complaint (FAC), asserting all the same claims. Once again, Wells Fargo moves to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), arguing that the FAC still fails to state a claim for relief. Plaintiff has not filed a response to the motion, and the time for doing so has passed. The matter is deemed suitable for determination without oral argument, and the November 8, 2011 hearing is vacated. CIV. L.R. 7-1(b). Having considered the moving papers, including the loan documents and other related records submitted by defendant for judicial notice, this court grants the motion as to plaintiff's RESPA claim without leave to amend. Plaintiff's state law claims will be remanded to the state court.

## LEGAL STANDARD

A motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) tests the legal sufficiency of the claims in the complaint. "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). In such a motion, all material allegations in the complaint must be taken as true and construed in the light most favorable to the claimant. See Balistreri, 901 F.2d at 699. However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). Morever, "the court is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." Clegg v. Cult Awareness Network, 18 F.3d 752, 754-55 (9th Cir. 1994). Documents which properly are the subject of judicial notice may be considered

along with the complaint when deciding a Fed. R. Civ. P. 12(b)(6) motion for failure to state a claim for relief. See MGIC Indem. Corp. v. Weisman, 803 F.2d 500, 504 (9th Cir. 1986).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." This means that the "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (citations omitted). See also Iqbal, 129 S. Ct. at 1950 ("[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss."). However, a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations and "heightened fact pleading of specifics" is not required to survive a motion to dismiss. Bell Atlantic Corp., 550 U.S. at 570. Rather, the complaint need only give "enough facts to state a claim to relief that is plausible on its face." Id.

While leave to amend generally is granted liberally, the court has discretion to dismiss a claim without leave to amend if amendment would be futile. Rivera v. BAC Home Loans Servicing, L.P., 756 F. Supp.2d 1193, 1997 (N.D. Cal. 2010) (citing Dumas v. Kipp, 90 F.3d 386, 393 (9th Cir. 1996)).

## DISCUSSION

The FAC alleges that defendant violated RESPA by failing to provide loan servicing information in response to a qualified written request (QWR) that Obot sent by email on October 14, 2010. (FAC ¶ 52). Like the original complaint, the FAC continues to allege, in conclusory fashion, that the alleged RESPA violation "caused Plaintiff damage in an amount to be determined at trial." (FAC ¶ 53). However, plaintiff adds an allegation that she "suffers from emotional stress as a result of the Defendant's non-compliance with the RESPA statute since she has basically been in limbo waiting for answers to the specific questions raised in her QWR." (Id.). As explained below, the FAC still fails to state a claim for relief under RESPA.

To begin, Obot's email does not constitute a QWR under RESPA. RESPA requires loan servicers to respond to certain correspondence (i.e., QWRs) from borrowers. 12 U.S.C. § 2605(e)(1)(A), (e)(2). In order to qualify as a QWR, the correspondence must satisfy several

3

1 statutory requirements. Among other things, and most pertinent to the discussion here, a QWR
2 must request information relating to the servicing of a loan. Id. § 2605(e)(1)(A). RESPA
3 defines the term "servicing" to mean "receiving any scheduled periodic payments from a
4 borrower pursuant to the terms of any loan . . . and making the payments of principal and
5 interest and such other payments with respect to the amounts received from the borrower as
6 may be required pursuant to the terms of the loan." Id. § 2605(i)(3).[2]

Although the FAC alleges that Wells Fargo failed to provide servicing information, the email appended to the FAC asks only for (1) the identity of the owner of plaintiff's loan and (2) the original mortgage note proving ownership. It does not ask for any information pertaining to loan "servicing" as defined by RESPA. (FAC, Ex. A). See, e.g., Patton v. Ocwen Loan Servicing, LLC, No. 6:11-cv-445, 2011 WL 1706889 * 3 (M.D. Fla., May 5, 2011) ("Because identifying the owner of a mortgage note does not relate to 'servicing' of the mortgage, 12 U.S.C. § 2605(i)(3), it is not a proper request in a QWR."); Lawther v. Onewest Bank, No. C10-0054RS, 2010 WL 4936797 *6 (N.D. Cal., Nov. 30, 2010) ("A loan servicer only has a duty to respond if the information request is related to loan servicing.") (citations omitted); Jones v. PNC Bank, N.A., No. 10-cv-01077LHK, 2010 WL 3325615 *2 (N.D. Cal., Aug. 20, 2010) ("A QWR must seek information relating to the *servicing* of the loan; a request for loan origination documents is not a QWR.").

Moreover, even if the email was a true QWR, the FAC does not state sufficient facts establishing that plaintiff suffered damages as a result of defendant's alleged failure to respond. Damages are available for violations of RESPA. 12 U.S.C. § 2605(f). "Although this section does not explicitly set this out as a pleading standard, a number of courts have read the statute as requiring a showing of pecuniary damages in order to state a claim." Allen v. United Financial Mortgage Corp., 660 F. Supp.2d 1089, 1097 (N.D. Cal. 2009). "'The Ninth Circuit

---

[2] Additionally, a QWR must (1) be a written correspondence, other than notice on a payment coupon or other payment medium supplied by the servicer; (2) provide sufficient information for the loan servicer to identify the name and account of the borrower; and (3) "include[] a statement of the reasons for the belief of the borrower, to the extent applicable, that the account is in error or provides sufficient detail to the servicer regarding other information sought by the borrower." 12 U.S.C. § 2605(e)(1)(B).

4

has not decided whether emotional distress can constitute 'actual damages' for purposes of § 2605(f), and cases are split.'" Phillips v. Bank of America Corp., No. 10-cv-04561EJD, 2011 WL 4844274 *5 (N.D. Cal., Oct. 11, 2011) (quoting Skaggs v. HSBC Bank USA, N.A., No. CIV. 10-00247JMS, 2011 WL 3861373 (D. Hawai'i, Aug. 31, 2011)). But even assuming, without deciding, that plaintiff properly could claim damages for emotional distress under RESPA, the FAC fails to sufficiently allege a causal link here. The FAC's allegations indicate that plaintiff sent that email after she had already defaulted on her loan and only a few days before issuance of the Notice of Default and Election to Sell Under Deed of Trust. As noted in the court's prior order, given the timing of these events, plaintiff's original complaint failed to allege facts plausibly showing that any claimed damages for fees, interest, and penalties incurred because of her default were the consequence of any alleged RESPA violation. A conclusory allegation of emotional distress, without more, is insufficient to state a claim. See, e.g., Durland v. Fieldstone Mortgage Co., No. 10CV125, 2011 WL 805924 *3 (S.D. Cal., Mar. 1, 2011) (concluding that mere allegations of fees assessed, negative credit reporting, and emotional distress were insufficient to establish a causal link between the alleged RESPA violations and plaintiff's claimed damages); Lawther, 2010 WL 4936797 at *7 (dismissing plaintiff's RESPA claim where it "remain[ed] unexplained . . . how the QWR failure itself is causally connected to the claimed distress of [plaintiff] or his family"); Phillips, 2011 WL 4844274 at *5 (dismissing plaintiff's RESPA claim where plaintiff failed to allege facts showing "that it is plausible, rather than merely possible," that the claimed distress resulted from defendant's alleged violation of RESPA).

Defendant's motion to dismiss the RESPA claim is granted. Obot has already had an opportunity to amend this claim. And, as discussed above, she has not bothered to oppose defendant's motion. Accordingly, her RESPA claim is dismissed without leave to amend. The only federal claim having been dismissed, the court declines to exercise supplemental jurisdiction over plaintiff's remaining state law claims. Those claims will be remanded to the state court. 28 U.S.C. § 1367(c).

5

ORDER

Based on the foregoing, IT IS ORDERED THAT:

1. Defendant's motion to dismiss is granted as to plaintiff's RESPA claim without leave to amend.

2. Plaintiff's remaining state law claims are remanded to the Superior Court for Santa Clara County.

3. The case management conference set for November 15, 2011 is vacated.

SO ORDERED.

Dated: November 2, 2011

HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

5:11-cv-00566-HRL Notice has been electronically mailed to:

Donald John Querio     djq@severson.com

Jon David Ives     jdi@severson.com, klm@severson.com, vvv@severson.com

Wendell Jamon Jones     wendell@wendelljoneslaw.com, perla@wendelljoneslaw.com

Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.